STELLA ANDERSON v. JOSEPH A. McGOWAN AND ANOTHER.[1]

October 28, 1932.

No. 29,021.

*Charles A. Lyche,* for relator.

*Abbott, MacPherran, Dancer, Gilbert & Doan,* for employer and Maryland Casualty Company, his insurer, respondents.

[1] Reported in 244 N. W. 816.

Per Curiam.

This case came here on a writ of certiorari to review a disallowance by the industrial commission for the death of one Arthur E. Anderson, who died while in the employ of the respondent Joseph A. McGowan.

Anderson was a meat cutter, working ordinarily from 7 a. m. until 6:30 p. m. on every day except Saturday, when he worked until 10:30 p. m. He had been warned by his employer that he would be discharged if he reported for duty in an intoxicated condition. July 21, 1931, he was at work in the store in an intoxicated condition. About noon he left the store and was not seen there until the following morning, when he was found in a dying condition in a vegetable room in the basement with a gunshot wound through his head. The rifle with which the wound had been inflicted was lying by his side and was of such a size that he might readily have inflicted the wound himself. He had been seen about 12 or 12:30 o'clock of the night of July 21 to 22 in an intoxicated condition in one of the restaurants in East Grand Forks. About two o'clock of the morning of the 22nd, a report was heard in the vicinity of the store which might have been the shot which caused Anderson's death. The wound indicated that the bullet entered Anderson's head about two inches above the right ear and traveled to a point in the vicinity of the left eye. There were powder marks around the hole where the bullet entered. The room in which Anderson was found had no windows, and no light was turned on when he was found. Some claim was made by the relator that the rifle was used for killing rats in the vegetable room and that Anderson might have been so engaged and have been accidentally shot; and the relator invokes the usual presumption against self-destruction.

Upon this showing we think that the commission was entirely justified in finding that Anderson's death was not due to accidental injury arising out of and in the course of his employment. In our opinion the case is controlled by Hawkins v. Kronick C. & L. Co. 157 Minn. 33, 195 N. W. 766. It is unnecessary to repeat the rea-

228

soning of that opinion. We cannot disturb the decision of the industrial commission.

The writ is discharged and the decision affirmed.